

IN THE
TENTH COURT OF APPEALS

No. 10-11-00077-CR

**KRISTI DEANNA LATTIG**
**A/K/A KRISTI DIANNA SAUNDERS,**

Appellant

 **v.**

**THE STATE OF TEXAS,**

Appellee

From the 220th District Court
Bosque County, Texas
Trial Court No. 09-02-14320-BCCR

## MEMORANDUM  OPINION

Pursuant to a plea bargain agreement, Kristi Deanna Lattig[1] pleaded guilty to the offense of possession of methamphetamine and was placed on deferred adjudication community supervision for five years.  The State filed a motion to adjudicate guilt alleging nine violations of the conditions of community supervision.  The trial court held a hearing on the motion to adjudicate, and Lattig entered a plea of true to each of the alleged violations.  After hearing punishment evidence, the trial court adjudicated

---

[1] Kristi Deanna Lattig is also known as Kristi Deanna Saunders.

Lattig's guilt and assessed her punishment at confinement for eighteen months in a state jail facility and a $730 fine. We affirm.

In her sole issue on appeal, Lattig argues that she received ineffective assistance of counsel. To determine if trial counsel rendered ineffective assistance, we must first determine whether Lattig has shown that counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *Strickland v. Washington*, 466 U.S. 668, (1984). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and Lattig must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Stafford v. State*, 813 S.W.2d 503, 508-09 (Tex. Crim. App. 1991). An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).

Lattig argues that her trial counsel was ineffective in advising her to plead true to each of the allegations in the motion to adjudicate. Lattig contends she substantially complied with the community supervision conditions or had legitimate defenses to eight of the nine alleged violations. Lattig acknowledges that she had a urine sample that tested positive for the presence of cocaine as set out in Violation #1 of the State's motion to adjudicate.

Lattig pleaded true to the allegations and then offered mitigating evidence for the trial court to consider in assessing punishment. Lattig testified that she was asking

the trial court to reinstate her community supervision.  She offered explanations for the violations.  Lattig testified that she had been "clean" since the violation and offered to submit to frequent drug testing.  Viewing the record before us, we cannot say that trial counsel's representation was not based upon sound trial strategy.  Lattig has not overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.  We overrule Lattig's sole issue on appeal.  We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirm
Opinion delivered and filed October 12, 2011
Do not publish
[CR25]